IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DeRon McCOY,
                  Plaintiff,

          v.                            CASE NO.  12-3160-SAC

TYSON MEYERS,
et al.,

                  Defendants.

**O R D E R**

This civil complaint was filed pro se pursuant to 42 U.S.C. § 1983 by Mr. McCoy while he was an inmate of the Sedgwick County Jail, Wichita, Kansas (SGCJ).

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed an Application to Proceed without Prepayment of Fees (Doc. 2).  His application technically does not comply with the statutory prerequisites.  28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  However, plaintiff alleges

1

that he cannot provide this financial information because the SGCJ does "not provide that service." Plaintiff supports this allegation with a copy of his request for his inmate account information for his two other pending cases that was denied. The court grants plaintiff leave, subject to its receipt of any contrary information.

Plaintiff is reminded that pursuant to 28 U.S.C. § 1915(b)(1), he remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**ALLEGATIONS & CLAIMS**

Plaintiff names as defendants five employees of the Hutchinson Police Department (HPD) and states that they were members of the HPD Emergency Response Team. As the factual background for his

complaint he alleges as follows.  On March 22, 2011,[1] defendants entered his hotel room in Hutchinson without a warrant "under the guise of" responding to an emergency and physically assaulted and choked him when he was not resisting arrest.  After he was handcuffed and placed in restraints, defendants continued to severely beat and choke him.  He was taken to the hospital where x-rays and photographs were taken.  He was treated for a neck injury, and had multiple cuts, scrapes, bruises.  He also suffered "severe memory loss and dementia from the head and brain injuries."

Plaintiff claims that defendants violated his rights under the Fourth Amendment to be free from unreasonable seizure, the Eighth Amendment to be free from cruel and unusual punishment, and the Fourteenth Amendment to due process.  He seeks money damages.

**SCREENING**

Because Mr. McCoy is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  A court liberally construes a pro se

---

[1]  Plaintiff must immediately inform the court if March 22, 2011, is not the correct date.  He wrote 2011 on two pages of his complaint and 2010 on another, but altered the two 2011's from 2010's.  If the alleged events occurred in March 2010, plaintiff's claims based thereon may be barred by the two-year statute of limitations.

3

complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**DISCUSSION**

Civil rights claims based on arrest and continued seizure of an arrestee are not actionable under the substantive due process clause of the Fourteenth Amendment, because the Fourth Amendment governs pretrial deprivations of liberty. *Mason v. Stock*, 955 F.Supp. 1293, 1303, n. 8 (D.Kan. 1997)(citing *Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996)). The Eight Amendment cruel and unusual punishment clause does not apply to persons at the time of their arrest, but to prison inmates. Plaintiff asserts claims under the Fourth Amendment in two ways. First, he asserts that defendants arrested him without probable cause. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). Second, he alleges that defendants used excessive force at the time of his arrest.

    **a. Arrest without Probable Cause**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and therefore "the right of individuals to be free from improper arrest." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008); *see* U.S. CONST. amend. IV. "A police officer may arrest a person without a warrant if he has probable cause to believe that person has committed a crime." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)("[A] warrantless arrest by a law

5

officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."); *Mason*, 955 F.Supp. at 1303.  "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed."  *Henry v. U.S.*, 361 U.S. 98, 102 (1959); *Steagald v. U.S.*, 451 U.S. 204, 216 (1981)("warrantless searches of a home are impermissible absent consent or exigent circumstances"); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)(The determination must be made "in light of the circumstances as they would have appeared to a prudent, cautious, trained police officer."); *U.S. v. Maher*, 919 F.2d 1482, 1485-86 (10th Cir. 1990).  An "exigent circumstances" exception may be applied to a warrantless entry when the circumstances posed a significant risk to the safety of a police officer or a third party. *U.S. v. Najar*, 451 F.3d 710, 717 (10th Cir. 2006); *West v. Keef*, 479 F.3d 757, 759 (10th Cir. 2007)("The Supreme Court has made clear . . . that police may enter a home without a warrant where they have an objectively reasonable basis for believing that an occupant is seriously injured or imminently threatened with such injury.").  In addition, even where probable cause to arrest may be lacking, qualified immunity in a § 1983 action is available to state actors whose conduct was objectively reasonable in light of clearly established law and all the factual circumstances.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982); *Anderson v. Creighton*, 483

U.S. 635, 638-41 (1987). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter*, 502 U.S. at 227 (citations omitted). "[W]hen a warrantless arrest is the subject of a § 1983 action, in order to succeed, a plaintiff must prove that the officer(s) lacked probable cause." *Buck*, 549 F.3d at 1281; *see Romero*, 45 F.3d at 1476 n. 1, 1477(In a civil case pursuant to § 1983 the "burden rests on plaintiff" to allege sufficient facts showing that defendants unreasonably arrested him without probable cause.); *Dauffenbach v. City of Wichita*, 233 Kan. 1028, 1035, 667 P.2d 380 (Kan. 1983)("[T]he excessiveness of the force employed is an element of the claim that must be proven by the plaintiff, rather than a defense of the officer to show the force used was not excessive.").

Plaintiff's allegation that the officers entered his motel room without a warrant is accepted as true. However, that he was arrested without a warrant is not enough to state a plausible claim for relief since his other allegations imply that the officers were responding to a call regarding a safety issue. In his complaint, plaintiff does not reveal if he was taken before a judge for a probable cause determination as would be the normal course. He does not even reveal that he was ultimately found guilty of numerous offenses that occurred on the same day as his arrest. The court takes judicial notice of on-line Kansas Department of Corrections (KDOC) records regarding offenders currently in its custody, and Mr. McCoy's record

7

in particular.  That record indicates that Mr. McCoy was convicted in Reno County District Court of numerous offenses that were committed on the date he claims he was arrested without probable cause, March 22, 2011.  Those offenses include: Kidnapping, Aggravated Assault, Aggravated Endangering of a Child, four counts of Aggravated Assault on a Law Enforcement Officer, and possession of drugs.  Nor does Mr. McCoy reveal whether or not he appealed his convictions on the claim of illegal arrest and discuss the result.  Either plaintiff's arraignment or his convictions could have established the existence of probable cause for his arrest.  *See Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999); *Mason,* 955 F.Supp. at 1307 (holding that municipal court conviction established that there existed probable cause even though defendant was found not guilty on appeal to the district court).[2]  Plaintiff's convictions, if arising from the incident of which he complains, would preclude him from pursuing a § 1983 claim against the officers for the act of placing him under arrest.  Plaintiff describes none

---

2     The following discussion is from *Mason*, 955 F.Supp. at 1307:

    A federal court considering a § 1983 action must give preclusive effect to a state court judgment to the same extent a court in that state would.  Hubbert v. City of Moore, Oklahoma, 923 F.2d 769, 772 (10th Cir. 1991).  Kansas follows the general rule that the conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause unless the conviction was obtained by fraud, perjury or other corrupt means.  See Elbrader v. Blevins, 757 F.Supp. at 1177-78 (citing Restatement (Second) of Torts § 667(1)(1977) and Kansas law); see also Bussard v. Neil, 616 F.Supp. 854, 857 (M.D.Pa. 1985) (holding prior traffic conviction conclusively establishes probable cause regardless of reversal upon trial de novo).

8

of the circumstances that led to his arrest.  His allegation that no cause existed is completely conclusory.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In addition, courts may presume that the defendant law enforcement officers acted within their authority unless facts are alleged indicating that they arrested a person without probable cause.  *See Grauerholz v. Adcock*, 51 Fed.Appx. 298, 301 (10th Cir. 2002)(unpublished) [3] (citing *Dauffenbach*, 233 Kan. at 1034 (Kansas courts have presumed that police officers "act[ ] fairly, reasonably and impartially in the performance of their duty.").  If there existed exigent circumstances and therefore sufficient probable cause for officers to seize plaintiff at the hotel on March 22, 2011, then his unlawful arrest claim fails as a matter of law.

Furthermore, a claim for damages is not cognizable under § 1983 where a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can show that the prior conviction had previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Consequently, when a plaintiff files a civil rights action in a federal district court after having been convicted, the "district court must consider whether a judgment in favor of the plaintiff would necessarily imply

---

[3]   Unpublished opinions are not cited herein as binding precedent, but for persuasive value.  <u>See</u> Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

9

the invalidity of his conviction or sentence ." *Id.* at 487. In *Heck*, the Supreme Court specifically found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87; *Muhammad v. Close*, 540 U.S. 749, 751 (2004)(Where success in a prisoner's § 1983 damages action would implicitly question the validity of his criminal conviction, "the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). Success on a claim that Mr. McCoy was arrested without probable cause could imply the invalidity of any conviction that culminated from the arrest.

Plaintiff is given time to allege additional facts to state a plausible claim that his arrest was without probable cause, even in face of his convictions, and to show cause why this claim is not barred by *Heck*. If he fails to allege sufficient additional facts within the time allotted, this action may be dismissed without further notice.

### b. Excessive Force

The United States Supreme Court has held that all excessive

10

force claims should be analyzed under the reasonableness standard of the Fourth Amendment. *Graham v. Connor,* 490 U.S. 386, 394 (1989). "[F]ourth Amendment jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to affect it." *Id.* at 396; *see e.g., Giese v. Wichita Police Dept.*, 69 F.3d 547, *2 (10th Cir. 1995)(unpublished)(finding allegations that officers ran after plaintiff, tackled him, and broke his arm during tackle did not show use of constitutionally excessive force). The reasonableness inquiry is an objective one and heavily fact dependent. *Graham*, 490 U.S. at 394. Moreover, reasonableness of the use of force is viewed from the perspective of a reasonable officer on the scene and includes an allowance for the fact that officers are forced to make split second judgments in tense, uncertain, and rapidly changing situations. *Id.* "In analyzing whether the police used excessive force, the court must determine 'whether the officers' actions were objectively reasonable in light of the facts and circumstances surrounding them.'" *Swinehart v. City of Ottawa*, 24 Kan.App.2d 272, 943 P.2d 942, 946 (Kan.App. 1997)(citing *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1516 (10th Cir. 1995); *see Graham*, 490 U.S. at 397)). The factors to be considered to determine reasonableness are the severity of the crime(s) at issue, whether the subject posed an immediate threat to the safety of the officer or others, and whether the subject was

resisting arrest. *Jiron v. City of Lakewood*, 392 F.3d 410, 414-15 (10th Cir. 2004); *Graham*, 490 U.S. at 396; *Franklin v. City of Kansas City*, 959 F.Supp. 1380 (D. Kan. 1997). To state a viable excessive force claim, the plaintiff must allege (1) that the officers used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not de minimis, be it physical or emotional. *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007). The burden is on the plaintiff to "establish the use of excessive force by an arresting officer" as an "element of his claim." *Grauerholz*, 51 Fed.Appx. at 301.

Plaintiff alleges facts plainly indicating that defendants used physical force during his arrest. Specifically, he alleges that he was choked and beaten and rendered unconscious when he was not resisting arrest. Plaintiff has also submitted photographs of his injuries (Doc. 5), which are either unclear or show only minor abrasions and bruises. Plaintiff's allegation of "severe memory loss and dementia" from "head and brain injuries" is conclusory, as it not supported by any facts describing such serious symptoms or any record of a physician's diagnosis of such serious injuries. He claims that the force used was excessive in light of the circumstances existing at the time of the arrest. However, he describes no circumstances of his arrest other than the physical force used against him. He does not describe any of his own actions before or

during the arrest. He merely makes the bald statement that he did not resist. This statement is directly contrary to his convictions of four counts of assaulting law enforcement officers. If Mr. McCoy attempted to flee or if he threatened and even assaulted officers, as it appears, then the force alleged and exhibited by plaintiff could have been objectively reasonable.

Plaintiff is given time to allege additional facts that he eventually must prove with evidence at trial, that include not only a description of the officers' use of force during the arrest but of his own behavior and other circumstances leading to and during his arrest as well. In other words, Mr. McCoy must allege enough facts to state a plausible claim that the force used by defendant officers was constitutionally excessive under all the circumstances. Otherwise, plaintiff's claim of excessive force may be dismissed for failure to state sufficient facts to support a constitutional claim. *McGregor v. City of Olathe, KS*, 158 F.Supp.2d 1225, 1235-37 (D.Kan. 2001), *aff'd* 30 Fed.Appx. 811 (10th Cir. 2002).

In addition, the court cannot discern from the complaint that the invalidity of some of plaintiff's state convictions would not be implied by his claim that he was subjected to excessive force.[4]

---

[4] The elements of aggravated assault of a law enforcement officer are now defined in K.S.A. 21-5412. "Assault is knowingly placing another person in reasonable apprehension of immediate bodily harm. K.S.A. 21-5412(a). "Assault of a law enforcement officer is assault, as defined in subsection (a), committed against: (1) A uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in the performance of such officer's duty . . . ." K.S.A. 21-5412(c). Aggravated assault of a law

13

As noted, he does not reveal that he was ultimately found guilty of four counts of aggravated assault on a law enforcement officer. Nor does he reveal if he defended these charges by claiming excessive force or any defense based on the same facts as those that underlie his claims herein. Mr. McCoy simply does not allege sufficient facts regarding either his convictions or the circumstances of his arrest to show that this court's adjudication of the merits of his § 1983 excessive force claim would not call into question the lawfulness of his state convictions. If it would, then his excessive force claim is barred by *Heck* unless and until these convictions are overturned. *See Adams v. Dyer*, 223 Fed.Appx. 757, 761 (10th Cir. 2007)(unpublished).

**MOTION FOR APPOINTMENT OF COUNSEL**

The court has considered plaintiff's Motion for Counsel (Doc. 6) and finds it should be denied at this juncture. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is

---

enforcement officer is assault of a law enforcement officer, as defined in subsection (c), committed (1) With a deadly weapon; (2) while disguised in any manner designed to conceal identity; or (3) with intent to commit any felony." K.S.A. 21-5412(d).

sufficient merit to his claim to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(*citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Hill*, 393 F.3d at 1115. Having considered the above factors, the court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim; (2) the issues are not overly complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Because no special legal training is required to recount the facts surrounding an alleged injury, pro se litigants may be expected to state such facts without any legal assistance. *See Hall*, 935 F.2d at 1109. It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks*, 57 F.3d at 979). Nor is it enough that plaintiff is limited by his confinement, as could likewise be said in any prisoner case. Accordingly, the Court denies plaintiff's motion for appointed counsel, without prejudice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 2) is granted based upon

15

the incomplete information presented and subject to alteration upon the receipt of contrary evidence.

**IT IS FURTHER ORDERED** that plaintiff is hereby assessed the full filing fee for this action of $350.00, and that the finance officer of the facility in which plaintiff is currently confined is directed to collect from plaintiff's inmate account and pay to the clerk of this court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to allege sufficient facts to support his claims of illegal arrest and excessive force, particularly in light of his convictions in Case No. 11 CR 178 (Dist.Ct. Reno County, Kansas, Feb. 24, 2012), and as barred by *Heck*.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Counsel (Doc. 6) is denied, without prejudice.

The clerk is directed to send a copy of this order to the finance office at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2012, at Topeka, Kansas.

>
> s/Sam A. Crow
> U. S. Senior District Judge