IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    Plaintiff,

    v.

TYSON MEYERS, et al.,

    Defendants.

Case No. 12-3160-CM-GLR

## MEMORANDUM AND ORDER

This case presents claims by Plaintiff pro se against five defendants, all law enforcement officers, for alleged violations of 42 U.S.C. Sec. 1983. The amended complaint seeks damages from each defendant for allegedly using excessive force in arresting Plaintiff. The Court here addresses five motions, each entitled Plaintiffs Motion to Compel Discovery (ECF 84 through 88). Invoking Fed. R. Civ. P. 34(b) and 37(a), each motion raises the same issue, i.e. the alleged failure of the respective defendant to produce documents responsive to Plaintiff's First Request for Production of Documents, numbers 4, 5, 10 and 11. For the following reasons the Court denies the five motions.

The requests to each defendant are substantially similar to each other. And each Defendant has served substantially similar responses. To avoid unnecessary repetition and to explain its rulings as to all five motions, the Court will simply refer to the first motion (ECF 84), directed to Defendant Jeremy Hedges, for the relevant requests and the responses to them:

    4.    Any and all Department rules, regulations, policies, and officers code of conduct for the Reno County Sheriffs Department , and (R.C.S.D.) rules, regulations, and policy on use of force

    RESPONSE: Objection. Defendant objects to Request Number 4 on the grounds that the documents requested

are not in the possession, care, custody and control of the Defendant. Plaintiff waived his official capacity claims against these defendants and Reno County Sheriff's Department is not a party to this action. Defendant objects further that Request Number 4 is overly broad and unduly burdensome.

     5.    Any and all department (H.P.D.) or any other training agency, rules, regulations & policies about the use of lateral vascular neck restraint (LVNR) and how to properly perform such a maneuver.

          RESPONSE: Objection. Defendant objects to Request Number 5 on the grounds that the documents requested are not in the possession, care, custody and control of the Defendant. Defendant does not work nor has he ever worked for the H.P.D.

     Defendant further objects on the grounds that this request is overly broad, unduly burdensome, and vague. Based on the wording of Plaintiff's request, it seems Plaintiff wants Defendant to produce records from any training agency associated with the LVNR. Obviously those records from these unnamed and uncounted agencies are not in the possession, care, custody and control of the Defendant nor is the Defendant required to search out or create documents to respond to Plaintiff's discovery requests.

. . .

     10.    Any and all documents, files, or records maintained by you, any other person, or any person acting on your behalf that refer, relate, or about work performance, performance reviews, disciplinary reports/actions, disciplinary investigations, reprimands for misbehaviors (i.e. excessive force, being untruthful, or any and all inappropriate behaviors) misbehaviors, or violation of any and all department policy and procedure, or complaints lodged against you while serving as a law enforcement officer with the (R.C.S.D) or any other law enforcement agency from the time of employment with said agency you were employed with to the present date.

          RESPONSE: Objection: Defendant objects to Request Number 10 on the grounds that the request is overly broad and unduly burdensome. Defendant also objects on the basis that it seeks documents which are immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because he does not have custody or control

>of the Reno County Sheriff's Department's records. Defendant further objects that the request is compound and vague. Defendant also objects that this request seeks information protected by attorney-client privilege or the work product doctrine.
>
>Defendant also objects on the grounds that it seeks information that is invasive of the Defendant's privacy and is irrelevant to any issue in this action. "The only proper frame of reference for the adjudication of excessive force arrest cases is U.S. Const. Amend. IV's reasonableness standard, i.e., what would the reasonable officer have done under the circumstances. Accordingly, the time consuming and controversial plunge into the past complaint records of arresting police officers is, as a general rule, unnecessary because it lacks relevance." *Scaife v. Boenne*, 191 F.R.D. 590, 591 (N.D. Ind. 2000).
>
>Fed. R. Civ. P. Sec. 26(c) provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had."
>. . . .
>
>                . . .

(ECF 84-3 at 2–3)

The Court also notes the following: Request 11 and the response to it are essentially similar—almost identical—to Request 10. Consequently, the Court thus considers them together and applies the same rationale for its ruling on them. The responses to Requests 10 and 11 also add several paragraphs of legal argument and citation of cases. The Court has not included them in the above-recited text.

As the moving party for each motion, Plaintiff bears the burden of persuasion that the respective Defendant has a duty to produce the requested documents. If Plaintiff successfully fulfills that burden, the Court will order the Defendant to produce them. If Plaintiff has not fulfilled that burden, the Court will deny his motion. Plaintiff McCoy in this case has not carried that burden with regard to any of the five defendants.

First, Requests 4, 5, 10 and 11 all ask for documents that are not within the control, custody or possession of the Defendant. The requested documents are records of the Reno County Sheriff's Department and of the Hutchinson, Kansas, Police Department. Each Defendant, either as an individual police officer or sheriff's deputy, has asserted in response to the request that he does not have control, custody, or possession of those records. The Court accepts their statements as true, particularly in the absence of any evidence to the contrary. Plaintiff has not provided any such evidence. In order to do his work as a police officer or a deputy sheriff, a defendant may indeed have access to the records of his agency. But access for the purpose of doing his job does not mean he has control, custody, or possession of the records for the purpose of producing them to other persons, including here the Plaintiff.

Secondly, the Court finds Requests 4, 10 and 11 to be on their face overly broad and unduly burdensome. They ask for all records, rules, regulations, and policies related to any code of conduct for officers of the two law-enforcement agencies. But the requests include no reasonable limit to documents relevant to one or more of the material facts of this case. Requests 10 and 11 are also overly broad: They ask for records maintained not only by the Defendant, but by "any other person," including those relating to his work performance, complaints, disciplinary investigations, "inappropriate behaviors," etc., while serving as a law-enforcement officer either with his present agency "or any other law enforcement agency from the beginning date of employment with said agency until the present date." (ECF 84-3 at 6)

For the foregoing reasons, the Court finds that Plaintiff has not sustained his burden to show that the requested documents should be produced, as requested. Accordingly, it denies the five motions, entitled "Plaintiffs Motion to Compel Discovery." (ECF 84, 85, 86, 87 and 88) Plaintiff continues to proceed *pro se*. The Court believes he filed his motions in good faith.

Under these circumstances, as provided by Fed. R. Civ. P. 37(a)(5)(B), the Court finds that an award of expenses would be unjust.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions to Compel Discovery (ECF 84, 85, 86, 87 and 88) are denied.

**IT IS SO ORDERED.**

Dated November 19, 2015, at Kansas City, Kansas.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge
