IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERON MCCOY, JR.,**

    **Plaintiff,**

    v.

**TYSON MEYERS, et al.,**

    **Defendants.**

Case No. 12-3160-CM-GLR

## MEMORANDUM AND ORDER

This case presents claims by Plaintiff, proceeding pro se, against five defendants, all law enforcement officers, for alleged violations of 42 U.S.C. § 1983. The amended complaint seeks damages from each defendant for allegedly using excessive force in arresting Plaintiff. The case is before the Court on Defendants' Joint Motion For Protective Order (ECF 97). For the following reasons, the Court grants Defendants' motion.

Plaintiff filed two notices indicating that he intends to file five separate subpoenas—three against the Hutchinson Police Department and two against the Reno County Sheriffs' Department (ECF 92, 93). Plaintiff's goal is to discover information about the underlying intent or motivation of the officers involved in Plaintiff's arrest. Specifically, Plaintiff seeks "reports, statements, complaints, histories, notes and disciplinary reports [or] actions" from the individual Defendants' employment files (ECF 92, 93).

Under Fed. R. Civ. P. 26, discovery is limited to evidence that is "reasonably calculated to lead to the discovery of admissible information." Fed. R. Civ. P. 26(b)(1); *Teichgraeber v. Mem'l Union Corp. of Emporia State Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal citations omitted). When discovery exceeds the limitations of Rule 26, the Court may, "for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1).

Defendants primarily argue that this information will not lead to the discovery of admissible information because the standard for protected conduct under the Fourth Amendment is one of *objective* reasonableness, whereas the information Plaintiff seeks goes to *subjective* reasonableness.[1]  Plaintiff does not dispute this.  Indeed, Plaintiff states the information may be admissible to prove motive, opportunity, incident, preparation, plan, knowledge, identity, or absence of mistake or accident.  Plaintiff does not provide more specifics.  He does not attempt to show that the evidence he seeks is reasonably calculated to lead to the discovery of admissible information.  Nor does Plaintiff explain how the employment records will support an argument with respect to the "objective reasonableness" of Defendants' conduct.

The Court finds Plaintiff has not met his burden under Fed. R. Civ. P. 26(b)(1).  Moreover, Plaintiff brings an excessive force claim, and as such, "the time consuming and controversial plunge into the past complaint records of arresting police officers is, as a general rule, unnecessary because it lacks relevance."  *Scaife v. Boenne*, 191 F.R.D. 590, 591 (N.D. Ind. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 394-96 (1989); *Martinez v. City of Stockton*, 132 F.R.D. 677, 682 (E.D. Cal. 1990)).  The Court therefore grants Defendants' motion for a protective order.  Defendants' individual employment files held and maintained by the Hutchinson Police Department and the Reno County Sheriffs' Department[2] are not subject to discovery in this case.

---

[1] Defendants make additional arguments the Court need not address to resolve this issue.

[2] Notably, neither the Hutchinson Police Department nor the Reno County Sheriffs' Department is a party in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion For Protective Order (ECF 97) is granted.

<u>S/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge