IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    **Plaintiff,**

    v.

TYSON MEYERS, et al.,

    **Defendants.**

Case No. 12-3160-CM-GLR

## MEMORANDUM AND ORDER

The Court has before it Defendants Meyers, Pickering and Burlie's Motion to Compel Plaintiff's Discovery Responses (ECF 112). The motion asks that Plaintiff be ordered to provide further responses both to interrogatories and to requests for production, specifically to those "outlined in Defendants' golden rule letter." (*Id.* at 4.) In the alternative Defendants ask for an order that Plaintiff may not present evidence regarding any allegations to which he has refused to provide discoverable information. Invoking Fed. R. Civ. P 37(a)(5)(A), Defendants also ask for an award of reasonable expenses, including attorney's fees, incurred in making this motion. For the following reasons the Court grants it in part and denies it in part.

    **I.  INTERROGATORIES.**

The motion seeks complete answers to Defendants Meyers, Pickering and Burlie's Opening Interrogatories to Plaintiff (ECF 112-1), numbered 1, 3 through 12, 15, 16, 17, and 20 through 24. The Court grants the motion to require Plaintiff to provide additional answers to all of these interrogatories, except 24, and subject to the following explanations with regard to some of them. Plaintiff has not adequately supported his objections to those interrogatories. And the Court does not otherwise find them to be objectionable on their face.

The Court grants the motion in part and denies it in part as to Interrogatory 1.  It asks for full name, date of birth, social security number and for past and present addresses of Plaintiff.  He answered it, except for providing his Social Security number and past addresses.  The Court grants the motion to require Plaintiff to provide each address at which he has resided during the past ten years.  It finds nothing to support the objection that the request is to that extent burdensome or irrelevant.  If he has lived at a large number of addresses over the period of ten years and does not know or remember all of them and has no record of them, he may say so in his response.  But he must provide all of the addresses that he does remember or for which he otherwise has an accessible record, so as to provide as complete a response as is reasonably possible.  The Court denies the motion with regard to the Social Security number.  Defendants have not shown a need for that sensitive information.

Plaintiff has neither answered nor otherwise responded to Interrogatory 3.  Accordingly, the Court directs him to answer it.  It asks simply for basic information as to his marital status.

Interrogatory 4 asks for the names and ages of his children.  Plaintiff asserts his objection of irrelevance.  Defendants claim relevancy for the reason that one of his children was present when he was arrested.  Based upon evidence from a related criminal trial, moreover, defendants contend that Plaintiff used his own child as a shield against being shot by law-enforcement officers.  The Court overrules his objection.  Plaintiff shall fully answer Interrogatory 4.

Plaintiff answered Interrogatory 5 by stating that he is and has been self-employed as an "Internet web site designer and Internet downloadable software retail salesman."  (ECF 112-1 at 3.)  The Court assumes that this answer describes his employment for the past ten years.  It does not, however, state the place or places of this employment.  The Court directs him to complete his answer by providing that information.

The Court conditionally grants the motion with regard to Interrogatory 6. It asks Plaintiff to identify all witnesses to any of the events or occurrences described in his Second Amended Complaint, as well as a description of their relevant perceptions and knowledge. Plaintiff objected to the interrogatory as overly broad and burdensome. He has provided nothing to substantiate that objection. He further responded to the interrogatory, however, by stating that "defendants have this information already and provided in there reponse (sic) to plaintiffs First Discovery request." (ECF 112-1 at 4.) Defendants suggest that Plaintiff is thus conceding that he knows of no witnesses other than those they have already identified. Plaintiff has not refuted this assumption. The Court finds it to be a reasonable interpretation of the response. Accordingly, it will require Plaintiff to provide a further and complete answer to Interrogatory 6 only if he knows of any witnesses in addition to those Defendants have already identified. If he knows of no other witnesses, he need provide no further answer to Interrogatory 6.

Interrogatory 7 asks for the criminal history of Plaintiff, including arrests, convictions, nature of alleged offenses, whatever penalties were imposed, and related details. He objects on grounds of irrelevance. The Court overrules the objection. The requested information may indeed be relevant, either for impeachment of his own testimony or as to the relevant facts in this case.

The Court conditionally grants the motion with regard to Interrogatories 8 and 10. Number 8 asks Plaintiff to identify any statement, transcript, recording, document or other writing "concerning any of the allegations, matters and averments made or contained in your Second Amended Complaint." (ECF 112-1 at 6.) Number 10 asks Plaintiff to provide information about any occasions for which Plaintiff had ever "been confined, examined, treated or counseled" for conditions like those for which he seeks recovery in this case. (ECF 112-1 at

8.) Plaintiff objected to both interrogatories on grounds they are overly broad and burdensome. He has not supported those objections. But his responses again added the explanation that, "Defendants have this infomation" and that they provided it in response to prior discovery requests. Accordingly, the Court will require Plaintiff to provide further and complete responses to Interrogatories 8 and 10 only if he knows of any information in addition to what Defendants have already provided. If he has no additional information, he need not respond further.

Plaintiff states he has answered Interrogatory 9 to the best of his ability. It asks for detailed information about his claim for loss of income. He has answered it only in part. He has not stated the amounts and total of income he has lost, the dates and reasons for his absences from work, his rate of pay for each such absence, and how he has calculated or computed his total loss. In response to the motion Plaintiff contends he has answered the interrogatory to the best of his ability and is unable to provide more information because of his incarceration. He has thus explained why he did not provide the additional information that the interrogatory requests. But if he has no such knowledge or additional information, regardless of the reason, he nevertheless has a duty to say so in his sworn answer to the interrogatory and not merely by an explanation in his response to the motion.

The Court grants as unopposed the motion for an additional answer to Interrogatory 11. It asks for information about what health care providers have treated, examined or counseled Plaintiff for the complaints for which he seeks recovery in this case. In response, Plaintiff identified "K.D.O.C. contracted health care provider." He did not provide the name and address of the provider, however, as requested. He shall provide that information by additional response to Interrogatory 11.

The Court denies as moot the motion for an answer to Interrogatory 12.  It asks for information about each individual whom Plaintiff may call as an expert witness.  The Court finds nothing to indicate that Plaintiff has designated any expert witness.  The deadline for any such designation was October 30, 2015.  (*See* ECF 95.)

Plaintiff shall answer Interrogatory 15.  It simply asks whether or not there has been any assignment, loan receipt or subrogation receipt signed by him or by anyone on his behalf.  Plaintiff has not supported his objection that the interrogatory is irrelevant, burdensome or intended to harass him.  He shall respond by providing the requested information.

Plaintiff shall fully respond to Interrogatories 16 and 17.  They ask about his use of alcohol, drugs, or medication prior to the relevant events of this case and for the identities of any other persons who were with him during the twelve hours before the events leading to his arrest.  He continues to object on grounds of irrelevancy.  The Court overrules the objections.

Plaintiff shall fully respond to Interrogatories 20, 21 and 22.  They ask for facts about the "choke hold," restraint, and physical striking that Plaintiff contends that defendants inflicted upon him.  He opposes the interrogatories only upon grounds that the answers can be better elicited by deposition.  That may, of course, be true.  But that alone does not create a legitimate objection.

Plaintiff shall fully respond to Interrogatory 23.  It asks for the full name, address, phone number and relationship to Plaintiff of Kaneisha Spencer.  Plaintiff asserts his objection of irrelevancy.  He contends Ms. Spencer was no longer in the hotel room, when relevant events of his arrest occurred.  Whether or not this be true, she may nevertheless be a witness to material or at least relevant facts.  The Court overrules the objection.

The Court denies the motion to compel further answer to Interrogatory 24. It and the response of Plaintiff are as follows:

> 24. Please state in detail all facts and evidence on which you rely in support of each and every claim asserted against the Defendants in your Second Amended Complaint.
>
> ANSWER:
> Plaintiff objects as to Interrogatorie (sic) twenty-four (24) as it is intended to harass the plaintiff, is overly broad, overly burdensome, requires a narrative best suited for despositions (sic).
> (ECF 112-1 at 19.)

In an effort to resolve these discovery issues, the letter of defense counsel to Plaintiff (ECF 112-2 at 9) suggested the following as an alternative to further responding to Interrogatory 24: "In the alternative, if you do not supplement this interrogatory, we will assume you will answer fully this question during your deposition." The Court finds, as Plaintiff suggests and as Defendants thus recognize, that pursuing this grand sweep of discovery would proceed better by way of deposition than by interrogatory. And further, by applying Fed. R. Civ. P. 26(b)(2)(C), the Court determines that the deposition of Plaintiff provides a better procedure for obtaining the detail sought by Interrogatory 24.

## II.  REQUESTS FOR PRODUCTION.

The motion also asks the Court to require Plaintiff to provide further responses to all thirteen of Defendants Meyers, Pickering, and Burlie's First Request for Production of Documents to Plaintiff. For the following reasons the Court grants the motion to require Plaintiff to provide additional responses to Requests 4 through 11 and 13.

The Court denies the motion to compel documents responsive to requests for production 1, 2 and 3. Those three requests ask Plaintiff to execute authorizations for Defendants to obtain his criminal-arrest records, personnel records, and medical records. The Court sustains his

objection that these requests are overly broad.  Appropriately, Defendants acknowledge rulings by the judges of this Court, declining to compel a party to sign such authorizations before trying to obtain the information by subpoenas.  Defendants argue here that Plaintiff has refused to provide the identities of relevant records custodians.  If so, they may yet obtain those identities, if Plaintiff fulfills his duties to provide relevant information in further responding to the discovery required by this Memorandum and Order.  Or the identities may be obtainable by deposition.

The Court condones the use of signed authorizations, as Defendants request.  Parties and counsel often agree to them.  Their use generally expedites discovery and the litigation generally.  And it usually avoids the expense of otherwise deposing custodians of the records and obtaining them by subpoena.  Defendants have cited no rule or other authority, however, for the Court to require an unwilling Plaintiff to execute such authorizations.  Nor have they provided enough detailed information to show whether they have sufficiently pursued reasonable efforts to obtain the information without signed authorizations from Plaintiff.  In the absence of authority for requiring signed authorizations and additional facts to show what other efforts Defendants have pursued, however, the Court declines to require Plaintiff to execute the requested authorizations.

As an alternative to requiring him to sign the authorizations for records, Defendants ask the Court to order "that Plaintiff may not present evidence regarding any allegations to which he has refused to provide discoverable information to Defendants through these discovery requests." (ECF 112 at 4.)  The Court denies this request as premature, but with the following warning to Plaintiff:  If Plaintiff continues to withhold relevant information or authorization to allow Defendants access to his criminal-arrest records, personnel records and medical records, the Court may indeed rule against his efforts at trial to prove his claim, including his allegations of

damages. In denying their motion at this time, the Court is not denying their right to discover the requested information. But there yet remains some time to complete discovery with whatever procedures may be available. If Defendants thereafter have cause for an order to prevent Plaintiff from offering evidence at trial, they may pursue it by motion(s) in limine.

The Court grants the motion to require Plaintiff to produce all documents responsive to requests 4 through 11. He has provided no adequate objections or responses to any of these requests.

The Court denies as moot the motion to require a response to request 12. It seeks the "entire file of any individual identified by you who will testify as an expert witness at the time of trial." As already noted, Plaintiff has identified no expert witness, and the time for doing so has expired.

The Court grants the motion to require a response to request 13. It asks Plaintiff to produce "All e-mails, correspondence, memos, or other similar forms of communications between you and any other individual concerning any of the matters alleged in your Second Amended Complaint." (ECF 112-1 at 5.) Plaintiff objected to the request on several grounds, including that it is overly broad and burdensome. Defendants have agreed to limit the request to items "specifically with regard to your arrest and the excessive force claims alleged in the above-captioned matter." The Court adopts this limitation. Plaintiff may thus limit his production accordingly.

### C. AWARD OF ATTORNEYS FEES.

Invoking Fed. R. Civ. P. 37(a)(5)(A), Defendants ask for an award of their reasonable expenses incurred in making their motion, including attorney's fees. The Court could indeed enter such an award, particularly in view of the fact that Defendants have prevailed with regard

to most of the discovery requests raised by their motion.  Their request addresses the discretion of the Court.  In this instance the Court finds that circumstances make an award of expenses unjust, within the meaning of Rule 37(a)(5)(A)(iii).  It has granted most, yet not all of the motion.  Plaintiff proceeds *pro se*.  The Court understands he remains incarcerated in prison.  The briefing upon the motion suggests that he and defense counsel did exercise reasonable efforts to resolve the issues, albeit unsuccessfully, before the motion.  These facts, of course, do not create any immunity against an award of attorney's fees for his failure to provide the discovery without the necessity for a motion.  The Court may indeed award attorney's fees upon any additional motion, if necessary, to enforce discovery.  Upon this motion, however, it simply considers all of these factors and determines that an award of expenses would be unjust.

### D.  SUMMARY.

To summarize, the Court grants in part and denies in part Defendants Meyers, Pickering, and Burlie's Motion to Compel Plaintiff's Discovery Responses (ECF 112).  Within twenty (20) days of the date of this Memorandum and Order Plaintiff shall, as herein directed, serve complete answers under oath to Defendants Meyers, Pickering and Burlie's Opening Interrogatories to Plaintiff, numbered 1, 3, through 12, 15, 16, 17 and 20 through 23.  Within said time he shall also produce to Defendants all documents responsive to Defendants Meyers, Pickering, and Burlie's First Request for Production of Documents to Plaintiff, numbered 4 through 11 and 13.  The Court denies the rest of the motion.

**IT IS SO ORDERED.**

Dated: January 14, 2016.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge