IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

      Plaintiff,

      v.                                     Case No. 12-3160-CM-GLR

TYSON MEYERS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Before the Court are  Plaintiff's third Motion to Appoint Counsel (ECF 118) and Plaintiff's Motion to Stay Pending Ruling on Motions (ECF 120).  The Court denied Plaintiff's two previous motions to appoint counsel—on October 16, 2012 (ECF 8) and on September 25, 2015 (ECF 82).  Plaintiff brings the instant motion on the basis that he cannot adequately request discovery related to the "LVNR maneuver" (among other discovery items).  Accordingly, he asserts the case is too complex for a pro se prisoner to litigate.  Defendants oppose the motions.  For the reasons below, the Court grants both motions.

Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  In addition to determining the financial need of the movant, if the court determines that he has a colorable claim, it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)).  The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the

complexity of the legal issues raised by the claims." *Id.* (citing *Williams v. Messe*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).  The party moving for appointment of counsel bears the burden to convince the court there is sufficient merit to his claim to warrant appointment of counsel.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The decision to appoint counsel addresses the sound discretion of the trial court.  *James v. Hamaker*, No. 15-CV-02425-GPG, 2016 WL 97767, at *2 (D. Colo. Jan. 8, 2016).

On September 25, 2015, this Court denied Plaintiff's second motion to appoint counsel. (ECF 82.)  The Court stated:

> On October 16, 2012, the Honorable Judge Sam A. Crow considered Mr. McCoy's motion and found that he appeared "capable of presenting the facts in support of his claims" and that issues are not overly complex (ECF 8 at 15).  Since that time, Mr. McCoy has continued to prosecute his remaining claims by filing numerous motions, participating in discovery, and participating in a status conference on August 25, 2015.  Mr. McCoy seems fully capable of representing himself at this time.  As for his alleged PTSD-type symptoms and his equation of presenting his case with mental torture, Plaintiff's allegations do not rise to the level contemplated in *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

(ECF 82 at 2.)  As noted, Plaintiff has continued to prosecute his case with numerous motions, engaging to a limited extent in discovery, and participating in phone status conferences.  Indeed, on January 5, 2015, Plaintiff filed another four motions—including the two addressed by this Memorandum and Order.  Defendants argue that Plaintiff has failed to show a change in circumstances between his more recent motion to appoint counsel and the instant one, requesting appointment of counsel.  Their response suggests that the claims of Plaintiff assert defects related to the *Heck* doctrine and qualified immunity.   They argue that these "play heavily in favor of

Defendants in this Court's determination regarding whether Plaintiff's claims have merit."[1] (ECF 126 at 9–10.)

In light of these arguments the Court has revisited Judge Murguia's Memorandum and Order ("M&O"), which discussed those defects.[2] (ECF 39.) Having done so to determine the instant motion for appointment of counsel, it concludes that the factors identified in *Rucks* weigh in favor of appointing counsel. First, the Court looks at the litigant's ability to present his claims. As mentioned above, Plaintiff has appeared capable in several respects to represent himself. But it also appears more likely that his ability to do so may well be diminished, as the case proceeds through the completion of discovery, including the deposition of Plaintiff, determination of the importance of any expert testimony, the final pretrial conference, and any dispositive motions or trial.

The Court again considers to what extent the claims of Plaintiff may have any merit. In this case the Court has twice concluded that there was sufficient merit in the pleaded facts, at least to survive the screening stage and the earlier motions to dismiss.[3] Indeed, the Court stated: "for purposes of these motions to dismiss, the court determines that plaintiff has pleaded enough facts to plausibly suggest that the amount of force used by the defendants was not objectively reasonable." (ECF 39.) His ability to present those claims will probably depend upon his own testimony and any relevant documents, but may also depend upon any cross-examination of defendants and of an expert witness.

---

[1] The Court realizes that Defendants briefly referred to the *Heck* doctrine and qualified immunity in their opposition to Plaintiff's second motion to appoint counsel. (*See* Doc. 72 at 4.)

[2] Judge Murguia's M&O was issued over two years after Judge Crow ruled on Plaintiff's initial motion to appoint counsel.

[3] Indeed, two different judges concluded Plaintiff's claim has enough merit to proceed.

The Court further looks at the nature and complexity of the factual issues in this case. They are simple to the extent that Plaintiff should be able to describe the force that he contends Defendants used against him.  But they may also depend upon cross-examination of other witnesses, probably to include one or more of the defendants, as well as an expert.  The issues implicate Plaintiff's previous conviction(s).  As Judge Murguia pointed out, the *Heck* doctrine may apply to this case.  The facts implicate the criminal conviction(s) of Plaintiff and the extent to which they may invoke the doctrine as a defense to the claims of Plaintiff.  Issues also remain with regard to the defenses of qualified immunity, asserted by Defendants.  The presence of these issues weighs in favor of appointing counsel.

The Court also considers the complexity of the legal issues.  In this instance the legal issues appear to be sufficiently complex to create substantial difficulty for a pro se prisoner to litigate.  They include the requirements of 42 U.S.C. Sec. 1983 and the defenses of qualified immunity.  They also implicate the state convictions of Plaintiff.  Taken together, these issues weigh in favor of appointing counsel.

For the foregoing reasons the Court concludes that the factors identified in *Rucks* weigh in favor of granting the motion to appoint counsel.  57 F.3d at 979.  The claims of Plaintiff may have some arguable merit.  The issues involving application of the *Heck* doctrine, qualified immunity, and issue preclusion are sufficiently complex to support the appointment of counsel for Plaintiff as an otherwise pro se litigant.

As a practical matter, the Court also considers to what extent counsel may be reasonably available and willing to accept appointment to represent a pro se litigant in a civil case, such as this one.  In this instance the Court finds that an attorney is available and willing to accept the

appointment.  Accordingly, and for the foregoing reasons, it grants Plaintiff's motion to appoint counsel.

The Court also grants Plaintiff's motion to stay the deadline for disclosing rebuttal witnesses.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Stay Pending Ruling on Motions (ECF 120) is granted.  The deadline for disclosing rebuttal witnesses is stayed pending further action from this Court.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (ECF 118) is granted.  The Court hereby appoints Matthew D. Keenan, a member of the bar of this Court, to represent Plaintiff in this action.  Mr. Keenan's address is 2555 Grand Boulevard, Kansas City, Missouri 64108.  His telephone number is 816-474-6550.  The Court also suggests that Mr. Keenan promptly review the record in this case, as well as D. Kan. Rules 83.5.3(e)(2) and (f),and 83.5.3.1 with regard to reimbursement of out-of-pocket expenses incurred by appointed counsel.

Copies of this Order shall be sent to Plaintiff and the attorney appointed to represent Plaintiff.

**IT IS SO ORDERED.**

Dated January 26, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge