# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

    Plaintiff,

v.

TYSON MEYERS, et al.,

    Defendants.

Case No. 12-3160-CM-GLR

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Court Appointed Experts (ECF 119) and Motion for Issuance of Subpoenas (ECF 122). For the reasons below, the Court denies the former and grants the latter.

Plaintiff filed a previous motion, requesting the appointment of two expert witnesses—an excessive force expert and a scene reconstructionist. The Court denied that motion. (*See* ECF 95.) The Court gave the parties until October 20, 2015 to disclose any expert witnesses. (*Id.*) Plaintiff did not disclose any expert witnesses. Plaintiff now asks the Court to appoint an expert witness in order to rebut Defendants' expert witness, Charles "Chip" Huth. "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view."[1] Plaintiff bases his request on the fact that there is an apparent difference of opinion with respect to whether the "LVNR maneuver" constitutes excessive force. This difference of opinion stems from differing case law and the testimony of an officer in another case. (*See* ECF 119 at 3.) Plaintiff has not made a showing that an expert is necessary to

---

[1] *Brown v. Gray*, No. 06-3003-JTM, 2011 WL 6091738, at *6 (D. Kan. Dec. 7, 2011) (internal citation omitted).

help the trier-of-fact understand scientific, technical, or other specialized knowledge. The Court does not need an expert witness to interpret case law. Nor does the Court find that the issues in this case present overly complex issues requiring specialized knowledge.[2]

Moreover, even if the court determined that expert testimony was necessary, the Tenth Circuit held that "§ 1915's waiver of prepayment of fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis."[3] Because Plaintiff has failed to demonstrate his entitlement to have expert witness fees waived or paid at Defendant's or the Court's expense, Plaintiff's motion for appointment of an expert witness is further unjustified. For the foregoing reasons, the Court denies Plaintiff's motion for a court appointed expert.

Also before the Court is Plaintiff's Motion for Issuance of Subpoenas (ECF 122). Defendants did not oppose this motion. After independently reviewing the subpoenas, and in light of the motion being unopposed, the Court grants Plaintiff's motion. The Clerk of the Court is directed to sign the subpoenas and return them to counsel for Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Court Appointed Experts (ECF 119) is denied and Plaintiff's Motion for Issuance of Subpoenas (ECF 122) is granted. The Clerk of the Court is directed to sign the subpoenas and return them to Defendant so he may serve them upon the appropriate parties.

Dated February 24, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[2] *Boatright v. Larned State Hosp.*, 2007 WL 1246220 ("Because plaintiff's claims are straightforward and do not present any complex matters for determination, the court concludes that it should not exercise its discretion to appoint an expert in this matter pursuant to Fed.R.Evid. 706.").

[3] *Id.* (quoting *Hooper v. Tulsa Cty. Sheriff Dep't*, 113 F.3d 1246 (10th Cir. 1997)).