**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DERON MCCOY JR.,

    Plaintiff,

    v.

TYSON MEYERS, et al.,

    Defendants.

Case No. 12-3160-CM

## MEMORANDUM AND ORDER

Plaintiff DeRon McCoy filed this action under 42 U.S.C. § 1983 against Hutchinson, Kansas police officers Tyson Meyers, Darrin Pickering, and Brice Burlie, alleging that defendants used excessive force in arresting him in violation of his Fourth Amendment rights. A jury trial was held from May 20 to May 23, 2019. The jury returned a verdict for defendants on all claims. The matter is now before the court on plaintiff's Motion for New Trial (Doc. 237). For the reasons set forth below, the court denies plaintiff's motion.

### I. Legal Standards

Under Rule 59(a) of the Federal Rules of Civil Procedure, a court may, after a jury trial, "grant a new trial on all or some of the issues—and to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ." The decision to grant a new trial is within the sound discretion of the court. *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1193 (10th Cir. 1997). "A motion for a new trial is not regarded with favor and should only be granted with great caution." *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992). And a party that seeks to set aside a jury verdict must "demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

**II.     Analysis**

Plaintiff raises two issues that he believes warrant a new trial: (1) the admission and repeated reference to his criminal history was prejudicial and violated his right to a fair trial, and (2) the weight of the evidence did not support the jury's verdict.

First addressing the issue of plaintiff's criminal history, plaintiff's claims in this case arise from his arrest at a Hutchinson, Kansas motel on March 22, 2011. Plaintiff was later convicted of numerous charges related to this incident. Prior to trial, plaintiff moved to exclude evidence of his prior convictions. The court ruled that under Rule 609 of the Federal Rules of Evidence, evidence of prior convictions less than ten years old are admissible for impeachment purposes. Plaintiff now argues that defendants' repeated references to these convictions—including using photographs of the scene of his arrest—were improper and substantially prejudiced his rights.

The court would first note that defendants' use of plaintiff's prior convictions for impeachment purposes—including the convictions that resulted from the arrest at issue—was not prejudicial. Plaintiff's own testimony was the only evidence offered to support his claims. His credibility was an important issue at trial, and defendants limited their use of his prior convictions to support their assertion that plaintiff's testimony was not credible. The court also denies plaintiff relief to the extent that he argues that defendants' references to the events leading up to his arrest, including photographs from the scene, were prejudicial. The evidence surrounding the entire incident was relevant to whether the defendants' conduct was reasonable, and certainly the discussion of these events was not so prejudicial that it would justify a new trial.

Next, plaintiff argues that he is entitled to a new trial because the evidence did not support the jury's verdict. When assessing whether there was evidence to support the verdict, the court must "examine the evidence in the light most favorable to the prevailing party, and focus on 'whether the

verdict is clearly, decidedly or overwhelmingly against the weight of the evidence.'" *Monsour's Inc. v. Menu Maker Foods, Inc.*, No. 05-1204-JTM, 2009 WL 89701, at *2 (D. Kan. Jan. 13, 2009) (citing *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986)). It is not up to the court to "substitute its judgment of the facts for that of the jury," and the court may only grant a new trial if the jury's verdict "was so against the weight of the evidence as to be unsupportable." *Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 295 F. App'x 885, 887 (10th Cir. 2008).

In his motion, plaintiff outlines trial evidence that supports his view of the case and argues that the verdict was contrary to the evidence presented to trial. But the court finds that there was sufficient evidence that supported the jury's verdict. The jury made its credibility determinations, and its verdict was not clearly, decidedly, or overwhelmingly against the weight of the evidence. For these reasons, plaintiff's motion for new trial is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for New Trial (Doc. 237) is denied.

Dated August 20, 2019, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**