# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DERON MCCOY JR.,**

   **Plaintiff,**

v.

**TYSON MEYERS, et al.,**

   **Defendants.**

Case No. 12-03160-CM-GLR

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Transcripts of Trial. (Doc. 246.)

### I. BACKGROUND

On May 24, 2019, pursuant to jury verdict, the court entered judgment in favor of defendants and against plaintiff on his claims for excessive force in violation of his constitutional rights. (Doc. 236.) Plaintiff moved for a new trial, arguing that the court erred by allowing admission of his prior felony convictions for impeachment, and that the jury's verdict was against the weight of the evidence. (Doc. 237.) The court denied the motion, noting that defendants' use of plaintiff's prior convictions for impeachment purposes was consistent with Rule 609 of the Federal Rules of Evidence, and that the jury's verdict was not clearly, decidedly, or overwhelmingly against the weight of the evidence. (Doc. 239.)

Plaintiff, proceeding in forma pauperis in this action and pro se on appeal, requests transcripts of his trial to aid his appellate briefing.

### II. LEGAL STANDARDS

A trial transcript may be provided at government expense to "persons permitted to appeal in forma pauperis . . . if the trial judge or a circuit judge certifies that the appeal is not frivolous (but

-1-

presents a substantial question)." 28 U.S.C. § 753(f). Thus, a civil litigant may proceed in forma pauperis on appeal, but be denied a free transcript when their appeal does not present a substantial question. *See Wright v. City of St. Francis*, 166 F. App'x 343, 345–47 (10th Cir. 2006) (citing *Jaffe v. United States*, 246 F.2d 760, 762 (2d Cir. 1957)). A non-frivolous appeal presents a "substantial question" when the issue on appeal, judged on an objective basis, is a question which is reasonably debatable. *See Linden v. Harper & Row Inc.*, 467 F. Supp. 556, 558 (S.D.N.Y. 1979).

### III.    DISCUSSION

Plaintiff's motion raises two potential questions on appeal: (1) the use of his prior convictions for impeachment by defendants, and (2) a non-specific desire to evaluate the court's trial rulings. (Doc. 246, at 2.)

Rule 609 allows impeachment of a witness's credibility by evidence of a felony conviction fewer than 10 years old, subject to Rule 403 balancing. Fed. R. Evid. 609(a)(1). Plaintiff was convicted of several felonies based on his actions surrounding the events of this case, including solicitation to commit perjury. His own testimony was the only evidence offered in support of his claims, and defendants used plaintiff's prior convictions—based on the same events to which plaintiff testified—to show that his testimony was not credible. Plaintiff's testimony often disputed the underlying facts and circumstances of his convictions; it was not unfairly prejudicial or cumulative to allow defendants to impeach plaintiff by using those convictions to suggest that his narrative of events was not credible. For example, when plaintiff testified that he never told Ms. Kanisha Spencer that she was not allowed to leave his hotel room, defendants impeached his credibility by using his conviction for the kidnapping of Ms. Spencer based on the same events of that day.

The court is not persuaded that this ordinary impeachment use raises a substantial question on appeal. Although plaintiff does not further identify any specific ruling he seeks to appeal, the court has

carefully reviewed its decisions in this case and further finds that plaintiff does not present a substantial question for appeal based on the court's other rulings.  Because plaintiff does not present a substantial question for appeal, the court denies his motion.  While plaintiff may purchase a transcript of his trial, he is not entitled to have one provided at government expense.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Transcripts of Trial (Doc. 246) is denied.

Dated this 10th day of December, 2019, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**